No. 18,756.

THE SCHUMP LAND COMPANY, *Appellant*, V. ANNA
PROBST, as Executrix, etc., *Appellee.*

### SYLLABUS BY THE COURT.

PROMISSORY NOTE—*Defense No Consideration—No Competent
Evidence in Support of Defense.* The action was on a prom-
issory note. The defense was want of consideration and was
interposed by the administratrix of the deceased maker of
the note. *Held,* that as no competent evidence was offered in
support of the defense the court should have sustained the
demurrer to defendant's evidence.

Appeal from Kingman district court; PRESTON B.
GILLETT, judge. Opinion filed April 11, 1914. Re-
versed.

*John H. Connaughton,* and *Charles C. Calkin,* both of
Kingman, for the appellant.

*S. S. Alexander,* of Kingman, for the appellee.

The opinion of the court was delivered by

PORTER, J.: This action arose out of a claim filed in
the probate court in Kingman county, by the Schump
Land Company, a partnership composed of J. F.
Schump, Ed Reible and George Renner, against the
estate of John Probst, deceased, upon a promissory note
for $100, dated Cunningham, Kan., November 1, 1908,
payable to the order of the plaintiff, with interest at
6 per cent per annum after maturity until paid,
(signed) "John Probst."

The probate court allowed the claim, and Anna
Probst, executrix of the estate, appealed from the order
to the district court where she filed a verified answer
setting up a number of defenses: *first,* that the plain-
tiff is not the legal owner and holder of the purported
note; *second,* a denial of the execution of the note by
John Probst; *third,* that the note was wholly without

consideration, and that John Probst in his lifetime was never indebted in any manner to the plaintiff either on the note or otherwise; *fourth,* that the note was executed on November 1, which was Sunday, and that on that day John Probst was intoxicated and under the influence of liquor so as to totally incapacitate him from the transaction of any business. The jury returned a verdict for the defendant and the plaintiff appeals.

The cashier of the bank at Cunningham was a witness for plaintiff. He testified that he was well acquainted with the signature of John Probst, and he identified the signature to the note as genuine. He testified too that in the spring of 1910 he had the note for collection and talked with Probst a couple of times with reference to it; that Probst promised him to come in and pay the note and never repudiated it.

At the trial the defendant abandoned all the defenses to the action except the defense that there was no consideration for the note. Inasmuch as the record discloses that she failed to produce any competent evidence in support of this defense, we think it should likewise be abandoned. Assuming that the note might have been given by her husband in his lifetime as a subscription toward the erection of the Catholic church at Cunningham, she did offer proof tending to show that he had paid his subscription of $100. There was no evidence whatever to connect the note with the subscription. Assuming, without any competent evidence to that effect, that the note was given to plaintiff's real-estate firm for a commission in a certain transaction wherein she and her husband had exchanged some real estate with another party, she testified that when that trade was made one of plaintiff's firm said that no commission would be charged. There was no testimony offered by the plaintiff sufficient to justify even a remote inference that the note was not given for a valuable consideration. The instrument imports

a consideration, and the burden was on the defendant to prove the contrary. The demurrer to the evidence of the defendant should have been sustained.

Reversed and remanded with directions to render judgment in plaintiff's favor.